# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **PUBLIC SERVICE COMPANY OF COLORADO,**<br><br>**Plaintiff,**<br>vs.<br><br>**DIRK KEMPTHORNE, in his official capacity as Governor of the State of Idaho,**<br><br>**Defendant.** | Case No. CV-91-035-S-EJL<br>(Lead Case)<br><br><br><br>**MEMORANDUM ORDER** |
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br>vs.<br><br>**DIRK KEMPTHORNE, in his official capacity as Governor of the State of Idaho; STATE OF IDAHO,**<br><br>**Defendants.** | Case No. 91-054-S-EJL |

Pending before the Court in the above entitled matter is Defendant's motion in limine regarding certain exhibits Plaintiff intends to offer at trial. In addition, the Court has reviewed the parties trial briefs and notes the parties dispute which side carries the burden of proof at trial. The parties have filed their responsive briefing on these matters and the questions are now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would

not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2).

## Discussion

1)	Burden of Proof:

Defendant's trial memorandum raised the question of who bears the burden of proof at trial in this matter.  There the Defendant asserted the burden lies with the Plaintiff because Plaintiff's argument seeks to augment the plain meaning of the contract term at issue by way of extrinsic evidence and, therefore, Plaintiff has the burden of coming forward with evidence to support its interpretation by a preponderance of the evidence.  In response, Plaintiff contends the Defendant has the burden of proof as this case is now before the Court on the Defendant's motion to reopen the case for declaratory ruling.  Because Defendant has sought a ruling consistent with their interpretation of the contract term, Plaintiff contends the Defendant has the burden of proof or their motion for a declaratory ruling fails.

On this point Plaintiff is correct.  This case has a long and sorted history in this Court having twice been closed and twice reopened.  Most recently the case was reopened upon Defendant's motion seeking a declaratory ruling regarding the interpretation of the parties agreement which is now at issue before the Court.  As it is Defendant who has brought the motion and will either prevail or lose the day, it is the Defendant who carries the burden.  While it is true that this question is back before the Court after Plaintiff prevailed on appeal, the burden of proof remains with the Defendant.  2) Motion in Limine:

Defendant has moved to preclude the Plaintiff from offering various newspaper articles as exhibits at trial on the grounds that they are hearsay and without foundation or the proper authentication.  Plaintiff asserts the articles are admissible as either 1) evidence of notice, 2) adoptive admissions, or 3) because it was authored by Defendant and therefore not hearsay.  In

addition, Plaintiff argues the documents are self-authenticating or will be authenticated by the testimony of witnesses at trial. Defendant has replied challenging the basis for admission of the evidence.

The Court has reviewed the parties briefing and takes the motion in limine under advisement. The motion raises evidentiary rulings which are more properly made and considered at trial where the Court has the benefit of ruling upon the evidence in light of the foundation, relevance, and all other considerations touching upon the admissibility of such evidence. The parties are directed to present their evidence and make such objections as they deem appropriate during the trial. The Court will rule upon any objections at that time.

## ORDER

Based on the foregoing and being fully advised in the premises, Plaintiff's motion in limine (Dkt. No. 324) is **UNDER ADVISEMENT**. The Defendant has the burden of proof at trial.

DATED: **January 24, 2006**

Honorable Edward J. Lodge
U. S. District Judge